IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMAS RAUL GALLO, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| vs. § | CASE No. 4:13-cv-1897 | |
| § | | |
| WILLIAM STEPHENS, § | | |
| Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | (Death Penalty Case) | |
| Division, § | (Judge Vanessa Gilmore) | |
| Respondent § | | |
| § | | |

**PETITIONER'S UNOPPOSED RENEWED MOTION TO HOLD PROCEEDINGS IN
ABEYANCE DUE TO ONGOING STATE COURT PROCEEDINGS
OR, ALTERNATIVELY, TO SET A BRIEFING SCHEDULE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Petitioner, Tomas Raul Gallo, through his counsel, who respectfully requests that this Court grant certain relief in order to protect his right to a full and fair adjudication of his claims challenging his conviction and sentence pursuant to 28 U.S.C. § 2254, 28 U.S.C. §2241, and 21 U.S.C. §848(q).

Petitioner previously requested a stay and abeyance of federal proceedings in this Court due to ongoing state proceedings in the Texas Court of Criminal Appeals, a successive writ filed by former state habeas counsel Mr. Godinich. On October 11, 2013, this Court denied Mr. Gallo's unopposed motion to stay and hold proceedings in abeyance. (Docket No. 23.) At that time, "Gallo [had] not yet filed a federal petition, and there are thus no unexhausted claims before this Court."

(*Id.* at 2.) Mr. Gallo has now filed his protective skeletal petition for federal habeas corpus relief in this Court on January 8, 2014. (Docket No. 24 *et seq.*) It is filed in an incomplete form, as no funding for investigation has been ordered due to the ongoing state court proceedings.

In light of that filing, Mr. Gallo now renews his request for an order from this Court holding his current federal habeas corpus proceedings in abeyance due to "the state court's pending consideration of issues raised by the instant federal action." (Docket No. 19, Order of June 27, 2013.) Alternatively, a briefing schedule can be set to avoid re-litigating the matter when state court proceedings terminate. Respondent (hereafter, "the Director") is unopposed to the request that the Court stay the proceedings for the purpose of resolving the pending state court proceedings. But the Director takes no position and makes no concessions as to the procedural effect of the currently-pending state writ filed by Mr. Godinich. Further, the Director's non-opposition should not be construed as an admission of the merits of any claim, or as a waiver of any arguments, procedural bars or defenses to those claims.

In support thereof, Petitioner would show the following:

### I. RELEVANT PROCEDURAL BACKGROUND

**A. Relevant background.**

This matter is a capital *habeas corpus* proceeding in which Mr. Gallo ("Petitioner") has invoked the jurisdiction of this Court pursuant to 28 U.S.C. §2254 *et. seq.* Petitioner is a citizen of the United States and a resident of the State of Texas, and is incarcerated in the custody of Respondent, on death row at the Polunsky Unit of the Texas Department of Criminal Justice. Petitioner is indigent and is represented by undersigned appointed counsel of record.

Petitioner Tomas Raul Gallo was indicted on December 12, 2001 by a grand jury in Harris

County, Texas, for capital murder which allegedly occurred on December 11, 2001. *State v. Gallo,* No. 896514, 182nd District Court, Harris County, Texas (1 CR 2.)[1] Petitioner entered a plea of not guilty and was tried for capital murder on this charge. This first trial ended in a mistrial. *State v. Gallo,* No. 896514, 182nd District Court, Harris County, Texas. Petitioner was re-arraigned on these charges. (52 RR 19.)[2] *State v. Gallo,* No. 940093, 182nd District Court of Harris County, Texas. On February 18, 2004, Petitioner was found guilty and after the jury answered the special issues, the trial court sentenced him to death. (66 RR 51.)

On September 26, 2007, the Texas Court of Criminal Appeals denied Mr. Gallo's appeal. *Gallo v. State,* 239 S.W.3d 757 (Tex. Crim. App. 2007). Rehearing was denied on November 21, 2007. While his appeal was pending, Petitioner filed his "Application for Post-Conviction Writ of Habeas Corpus" in the trial court on March 26, 2007. *Ex parte Gallo,* No. WR-77,940-01. On January 9, 2013, the Texas Court of Criminal Appeals denied Mr. Gallo's application for habeas corpus relief. *Ex parte Gallo,* No. WR-77,940-01 (Tex. Crim. App. Jan. 9, 2013)(not designated for publication)(concurring statement by Price, J. and Johnson, J.)

Mr. Gallo then sought federal habeas relief. On January 25, 2013 this Court appointed undersigned counsel as attorney for Mr. Gallo. *Gallo v. Thaler,* No. 4:13-MC-00091 (S.D. Tex.). On February 6, 2013, this Court also granted Mr. Gallo's Motion for Leave to Proceed *In Forma Pauperis*.

Due to Mr. Gallo's dissatisfaction with his appointed state post-conviction counsel, Mr.

---

[1] "CR" refers to the Clerk's Record in this matter, with the volume number preceding the page number.

[2] "RR" refers to the Reporter's Record in this matter, with the volume number preceding the page number.

Jerome Godinich, Mr. Gallo discharged Mr. Godinich. Upon learning of an intended state court filing by Mr. Godinich, undersigned counsel requested that Mr. Godinich not file any state subsequent writ, as it could lead to the defaulting of meritorious unexhausted ineffective assistance of counsel claims under the holding of *Martinez v. Ryan,* 132 S. Ct. 1309 (2012).[3]

This Court's Order of June 27, 2013 aptly describes the subsequent proceedings:

> Mr. Godinich, however, has continued litigating issues on Gallo's behalf in state court. Mr. Godinich recently filed a successive state habeas application with the Texas Court of Criminal Appeals, apparently raising some of the same matters covered by Gallo's federal funding request.[4] This dual representation has led to both attorneys filing pleadings contesting the other's representation. Mr. Ellis has moved in state court to strike the most-recent pleadings filed by Mr. Godinich. Mr. Godinich in turn has filed letters with this Court describing his continued status as Gallo's state habeas attorney. (Docket Entry Nos. 15, 16). Mr. Ellis has filed a motion on Gallo's behalf asking the Court to strike those letters from the record. (Docket Entry No. 18).
> On June 26, 2013, the Court of Criminal Appeals entered an order remanding the action filed by Mr. Godinich to the trial court "so that the habeas corpus record can be supplemented with affidavits or testimony from [Gallo], Godinich, and Ellis regarding how to proceed and how to resolve the conflicting positions of state and federal habeas counsel." *Ex parte Gallo,* No. WR-77,940-02 (Tex. Crim. App. Jun. 26, 2013). Given the state court's pending consideration of issues raised by the instant federal action, the Court DENIES Gallo's motion to strike and request to proceed *ex parte* WITHOUT PREJUDICE. Gallo may reurge those motions, if necessary, after the state courts resolve the issues of Gallo's state court representation

---

[3] *Trevino v. Thaler,* 133 S. Ct. 1911 (2013) handed down on May 28, 2013, held that *Martinez* applies to Texas cases. *Martinez* held that ineffective assistance of counsel in collateral proceedings which provide the *first* occasion to raise a claim of ineffective assistance at trial may provide cause for a procedural default in federal habeas proceedings. Undersigned counsel has identified—but not investigated fully—many heretofore un-presented claims of trial counsel ineffectiveness. This is the basis for Petitioner's opposition to the subsequent writ filed by Mr. Godinich.

[4] Mr. Godinich's subsequent writ application was filed in the trial court on April 22, 2013. *Ex parte Gallo,* No. WR-77,940-02 (Tex. Crim. App. June 26, 2013)(*see* Docket No. 20, original motion to stay proceedings, at Appendix 1). It raised one issue under *Atkins v. Virginia,* 526 U.S. 304 (2002), that false testimony of a State expert led to the denial of Mr. Gallo's *Atkins* claim.

and decide whether the successive state habeas action filed by Mr. Godinich will proceed to litigation.
(Docket No. 19, Order of June 27, 2013).

The subsequent state petition, filed by Mr. Godinich on April 22, 2013, is still pending in the state courts. On remand from the CCA, the trial court ordered affidavits to be submitted by August 7, 2013 to resolve the "procedural posture of the instant habeas application." *Ex parte Gallo,* No. WR-77,940-02 (Tex. Crim. App.)(order of June 26, 2013), at 2 (*see* Docket No. 20, Appendix 2). The Texas Court of Criminal Appeals also ordered that "the trial court shall not address the merits of the claim raised in the application." *Id.* at 2-3.

Undersigned counsel submitted the requested affidavit; however, Mr. Godinich submitted proposed findings of fact and conclusions of law. On September 20, 2013, the trial court adopted verbatim Mr. Godinich's proposed findings and conclusions and found "that Applicant's subsequent state writ was filed appropriately by duly appointed counsel Jerome Godinich, Jr., and should therefore proceed to litigation." (*See* Docket No. 22, Appendix 2, "Applicant's Proposed Findings of Fact and Conclusions of Law" signed by Judge Barr on Sept. 20, 2013, at 4 and 5.) This has been forwarded to the CCA but that court has yet to rule on the recommendation or on the merits of the petition.

On January 8, 2014, Petitioner filed his "Protective Skeletal Petition for Writ of Habeas Corpus" in this Court. (Docket No. 24.)

## II. ARGUMENT

**A. A stay pending the outcome of the state proceedings will serve equity and economy of judicial resources.[5]**

Petitioner has filed a protective skeletal petition within the AEDPA one-year deadline in order to preserve Mr. Gallo's right to federal habeas review. Petitioner respectfully suggests that both equity and economy of judicial resources will be served if these proceedings are formally stayed and held in abeyance pending the outcome of the ongoing state court proceedings, which could be protracted.

Under 28 U.S.C. § 2244(d)(1)(the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")), there is a one-year statute of limitations on federal habeas petitions filed by state prisoners. As discussed *supra,* Mr. Gallo's initial round of state proceedings became final on January 9, 2013 when the Texas Court of Criminal Appeals denied Mr. Gallo's application for habeas corpus relief. *Ex parte Gallo,* No. WR-77,940-01 (Tex. Crim. App. Jan. 9, 2013). Thus, the AEDPA one-year period began running on that date. Mr. Gallo's preliminary protective federal habeas petition was filed in this Court on January 8, 2014, within the AEDPA one-year deadline.

Under 28 U.S.C. §2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See, e.g, Wall v. Kholi,* 131 S. Ct. 1278 (motion to reduce sentence qualified as "collateral review" that served to toll one-

---

[5] The Director again wishes to point out that his non-opposition to the requested stay does not include any concessions as to the position of the Director as to the procedural effects of the writ filed by Mr. Godinich. Nor is the Director's non-opposition to be construed as a waiver of any arguments, procedural bars or defenses. Thus, the Director takes no position on the argument that tolling should date back to the date of the filing of the successive writ. The Director takes no position on that argument at the present time.

year statute of limitations); *Windland v. Quarterman,* 578 F.3d 314, 317 (5th Cir. 2009)("state petition for habeas relief is 'pending' for AEDPA tolling purposes on the day it is filed.."); *Hutson v. Quarterman,* 508 F.3d 236, 240 (5th Cir. 2007)(even a "motion to test DNA evidence...constitutes 'other collateral review' and thus tolls the AEDPA's one-year limitations period").

The Fifth Circuit has held that a "properly filed application for State post-conviction or other collateral review," §2244(d)(2), includes state successive state petitions, even those dismissed as not meeting the subsequent application standards of Tex. Code Crim. Proc sec. 11.071 sec. 5(a). *Villegas v. v. Johnson,* 184 F.3d 467 (5th Cir. 1999). In *Villegas,* the Court held that

> 28 U.S.C. §2244(d)(2) authorizes tolling during the pendency of petitions filed in accordance with a state's procedural filing requirements. We hold that Villegas's second state petition, although dismissed as successive, was properly filed within the meaning of §2244(d)(2).
> *Villegas*, at 184 F.3d at 472.

The *Villegas* court explained that "[m]aking tolling contingent upon some measure of success before the state courts would undermine AEDPA's emphasis on exhaustion." *Id.* at 472. *See also Mathis v. Thaler,* 616 F.3d 461, 472 (5th Cir. 2010)("In *Villegas*...we held that an application dismissed as an abuse of the writ—a classic 'procedural bar'—was nevertheless 'properly filed' under within the meaning of §2244(d)(2)." In *Mathis,* the Fifth Circuit held that "Mathis's successive state habeas petition would have been properly filed under *Artuz* [*v. Bennett,* 531 U.S. 4(2000)] and *Villegas* even if it had been dismissed as an abuse of the writ under Texas's capital habeas statute." *Mathis,* 616 F.3d at 472.

Shortly after *Villegas,* in *Artuz v. Bennett, supra,* the Supreme Court held that "[a]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz,* 531 U.S. at 8. The *Artuz* Court made a distinction between

conditions to pre-filing, such as time limits, from conditions to obtaining relief: "[t]he question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." *Id.*

In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005) the Supreme Court subsequently held that a state post-conviction petition that is "rejected ....as untimely...was not 'properly filed' ...and does not entitle [a federal habeas corpus petitioner] to statutory tolling under §2244(d)(2)." However, *Pace* "involved [a] petitioner[] whose application[] had been dismissed as untimely, and time limits, no matter their form, are 'filing' conditions." *Pace,* 544 U.S. at 417; quoted in *Mathis,* 616 F.3d at 472. '*Pace* only affirmed the 'obvious distinction between time limits, which go to the very initiation of a petition...and the type of 'rule of decision' procedural bars at issue in *Artuz*, which go to the ability to obtain relief.'" *Mathis,* 616 F.3d at 472, quoting *Pace,* 544 U.S. at 417. Mathis clarified that *Pace* had not abrogated *Villegas,* and "[t]hat decision is wholly consistent with *Pace." Id.*[6]

The rationale of these holdings, and their interpretation of §2244(d)(2), would clearly entitle Mr. Gallo to statutory tolling if the CCA either denies the successive writ as an abuse of the writ or finds that it meets the standards for such successor writs and remands it to the trial court for further findings on the merits. A formal stay order from this Court is needed, however, as the CCA could

---

[6] *Villegas* concerned a non-capital writ under Tex. Code Crim. Proc. Art 11.07, but "[b]ecause Article 11.071 §5 is substantially identical to Article 11.07 §4, *Villegas* controls here." *Mathis,* 616 F.3d at 472.

The Fifth Circuit, in the wake of *Pace,* has held that the filing of a "protective petition" can be weighed in determining reasonable diligence in an inmate's request for equitable tolling. *Palacios v. Stephens,* 723 F.3d 600, 608 (5th Cir. 2013). That court has declined to hold that "the failure to file a protective petition alone prevents a prisoner from receiving equitable tolling." *Id. See also Howland v. Quarterman,* 507 Fed.3d 840, 846 (5th. Cir. 2007). However, equitable tolling is not at issue at this stage of the proceedings, as Petitioner has filed a timely protective petition.

hold that Mr. Godinich had no authority to file the subsequent petition, which has implications as to whether it was "properly filed." Indeed, Petitioner has argued in state court that it was not. With this uncertainty, a formal federal stay is needed.

This Court has put pending issues of funding and the right to proceed *ex parte* on the funding requests on hold until the state courts resolve the subsequent petition. (*See* Docket No. 19.) Hence, Mr. Gallo is unable to obtain funding and investigative resources until the resolution of the state proceedings. Without such funding he cannot fully investigate and present the unexhausted claims, including his claim of mental retardation and several claims that would meet the *Martinez/Trevino* exception. He is therefore not presently in a position to exhaust all claims in state court, as suggested in this Court's order (Docket No. 23 at 2), as he has no means to investigate them. There is no way to accurately estimate how long it will take for the state courts to resolve the procedural issue and to rule on the merits of the subsequent claim. The CCA has yet to rule on the trial court's recommendation or on the merits of the subsequent writ application, well over eight months after the petition was filed.

Petitioner respectfully suggests that equity will be served if these federal proceedings are formally stayed until the resolution of the state proceedings. Additionally, as Petitioner had no part in creating this state court delay, and indeed has sought and is seeking to nullify it, he should not be penalized for the unauthorized and potentially harmful actions of his former state post-conviction counsel.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh

competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Thus, federal courts have authority to issue stays, where such a stay is a proper exercise of discretion. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005); *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

AEDPA does not deprive the federal courts of the power to grant stays, but it does require that the courts' discretion to do so be compatible with AEDPA's purposes. *Rhines*, 544 U.S. at 276. Those purposes include the reduction of "delays in the execution of state and federal criminal sentences, particularly in capital cases." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). It may therefore be appropriate to craft a stay that is not indefinite, but subject to a reasonable time limitation. *Compare Rhines*, 544 U.S. 277-78 (indicating that stays should not be indefinite but subject to reasonable time limits and should be denied if a petitioner had engaged in abusive litigation tactics). Another goal of AEDPA is the streamlining of federal habeas proceedings. That goal may be well served by the avoidance of piecemeal litigation whereby this Court would be dealing with issues that may be resolved in the ongoing state court proceedings. This Court's deferral of a ruling on Petitioner's pending funding motions clearly recognizes this possibility.

The Director should suffer no hardship, since Petitioner would remain incarcerated pending the outcome of the state court proceedings. A federal stay would not hinder or delay the ongoing state proceedings and it would only be in effect for the pendency of those proceedings. Any delay created by a stay would not, therefore, be "immoderate in extent [or] oppressive in its consequences," to the Director. *Landis*, 299 U.S. at 256.

Moreover, the grant of a stay in these circumstances would ward against the undesirably piecemeal progress of this litigation which would be occasioned if this Court were to rule adversely

to Petitioner during the pendency of the state court proceedings, only to find the case subsequently remanded for further proceedings. The suggested approach would therefore be economical of judicial resources, as well as of the resources of the parties. As an alternative to a stay, a briefing schedule is proposed in Section E, *infra.*

**B.     A stay will also serve the principle of comity**.

As this Court's Order of June 27, 2013 (Docket No. 19) clearly recognizes, it is widely accepted that, under the principle of comity, the state courts will normally have the first opportunity to evaluate Mr. Gallo's *Atkins* claim, although he has objected to the premature filing of that claim and has moved to strike it as unauthorized.[7] A stay order will serve the principle of comity. *Tucker v. Scott,* 66 F.3d 1418, 1419 (5th Cir. 1999)("comity of cooperation and of rapport between 'the parallel systems of state and federal courts"). The Supreme Court has recognized that

> [t]he exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Rose v. Lundy,* 455 U.S. 509, 519 (1982)(quotations omitted). The Fifth Circuit has "recognized that

---

[7] The "exhaustion requirement is grounded in principles of comity; in a federal system, the states should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson,* 5011 U.S. 722, 731 (1991). *See also Deters v. Collins,* 985 F.2d 789, 794 (5th Cir. 1993)("[I]f an issue rests upon unresolved questions of fact or state law, comity and judicial efficiency may require federal courts to insist on complete exhaustion to ensure that the court has a complete record to review.").

the concern for comity weighs more heavily when it appears that a state prisoner's claim has arguable merit than when it is easily dismissed as frivolous by a federal court, thus saving a state court thus saving a state court from needless and repetitive litigation." *Mercadel v. Cain,* 179 F.3d 271, 277 (5th Cir. 1999).

**C.    In *Rhines v. Weber* the United States Supreme Court reaffirmed the federal district courts' discretion to stay proceedings and hold them in abeyance.**

In *Rhines v. Weber,* 544 U.S. 269, 125 S. Ct. 1528 (2005) the United States Supreme Court reaffirmed that a federal district court has discretion to stay proceedings and hold a habeas corpus petition in abeyance in order to allow the petitioner to present his unexhausted claims to the state court, and then to return to federal court for review of his perfected petition.

Before the adoption of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") the Supreme Court had held that federal district courts may not adjudicate mixed petitions, but must give state courts the first opportunity to decide a petitioner's claims. The Court imposed a "total exhaustion" requirement, and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court. *Rose v. Lundy,* 455 U.S. 509, 518-519, 102 S. Ct. 1198 (1982). However, at that time there was no statute of limitations on federal habeas corpus petitions. Consequently, "petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." *Rhines,* 125 S. Ct. at 1533; *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S. Ct. 1595 (2000).

At issue in *Rhines* was whether the AEDPA had altered this procedure and deprived the

federal district courts of their authority to issue stays and hold petitions in abeyance. The Supreme Court held that the AEDPA did not divest the federal district courts of this power. The *Rhines* Court held that the AEDPA was enacted "against the backdrop of *Lundy*'s total exhaustion requirement. The tolling provision of 28 U.S.C. §2244(d)(2) balanced the interests served by the exhaustion requirement and the petitioner's ability to later seek federal habeas corpus relief while state remedies are being pursued." *Rhines* at 1534. The Court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 1535. The district court can set reasonable time limits on the parameters for the trip to the state court and back. *Id.*

> The *Rhines* Court cautioned that
>
> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition...In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.
> (*Rhines,* 125 S. Ct. at 1535.)

**D.     Holding a federal petition in abeyance to allow a petitioner to exhaust his claims in state court is well recognized in this and other circuits.**

The Fifth Circuit, other circuits, and district courts in Texas have all followed the analysis in *Rhines*. In *Gomez v. Dretke,* 422 F.3d 264 (5th Cir. 2005) the Fifth Circuit stayed the consideration of a petitioner's claims pending resolution of his pending state habeas corpus proceedings, under federal abstention doctrines, as failure to stay proceedings would cause his federal petition to be time-barred. In *Cassett v. Stewart,* 406 F.3d 614 (9th Cir. 2005) that Court held that an unexhausted

claim may be denied on the merits "*only when it is perfectly clear that the petitioner has no chance of obtaining relief.*" *Cassett* at 624 (emphasis added). As the Court explained, "the principle of comity counsels in favor of a standard that limits a federal court's ability to deny relief under § 2254(b)(2) to circumstances in which it is perfectly clear that the petitioner has no hope of prevailing." *Id.* The Court reasoned that "[a] contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* See also *Akins v. Kenney,* 410 F.3d 451, 456 (8th Cir. 2005)(remanding to district court to demonstrate good cause for petitioner's failure to exhaust his claims in state court, to show that his unexhausted claims are not 'plainly meritless,' and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay).

The stay and abeyance procedure proposed herein is consistent with the current practice of this Court, this Circuit and other federal district courts in Texas and has been widely followed both before and after *Rhines.  See, e.g., Wilder v. Cockrell,* 274 F.3d 255, 262-263 (5th Cir. 2001) (although "Texas does significantly restrict successive habeas petitions...the State should be allowed to make the procedural bar, *vel non,* determination" (examining Texas' non-capital habeas procedures)...[B]ecause it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of [the petitioner's] claim, Texas courts should make that determination"); *King v. Dretke,* 2006 WL 887488 (E.D. Tex. Mar. 29, 2006)(federal petition held in abeyance to allow petitioner to present claims in state court, citing *Rhines*: "if it appears that the petitioner still may have a right under state law to obtain relief, the federal court will either abate or dismiss the application in order to allow the applicant to present his unexhausted claims in a successive petition to that court," Order, at *6); *Troncoso v. Quarterman,* 2006 WL 3053371 (S.D. Tex. Oct. 26,

2006)(federal petition stayed under *Rhines* in order to allow petitioner to return to state courts to exhaust his unexhausted claims); *Prystash v. Quarterman,* 2006 WL 2479094 (S.D. Tex. Aug. 25, 2006)("stay and abeyance becomes appropriate when the petitioner shows: 1) good cause for failing to exhaust the claim; 2) that the claim is not plainly meritless; and 3) that nothing indicates that the failure to exhaust has not resulted from intentional delay...[t]he Texas courts should consider in the first instance whether Prystash's unexhausted claims...comply with Tex. Code Crim. Pro. art. 11.071 § 5").

**E. Alternatively, a briefing schedule should be set that will allow Petitioner a reasonable time to amend the protective petition.**

Alternatively to a stay order, Petitioner requests that a briefing schedule be set in this matter as follows:

In the event the CCA holds that the successive petition was properly filed, but denies it either on the merits, as an "abuse of the writ," or, alternatively, dismisses it as unauthorized and/or improperly filed:

1) Petitioner will notify this Court within 10 days of the CCA's ruling. An amendment of the protective skeletal petition will be due in this court no later than 180 days after the date of the final disposition of Mr. Godinich's successive petition by the Texas Court of Criminal Appeals.

2) Respondent will not answer the protective skeletal petition, as the state court ruling has not yet been handed down.

3) Respondent will be ordered to answer the amended petition within 90 days.

In either eventuality, the Director would not oppose this proposed 180-day period of time to amend the protective skeletal petition. However, the Director will oppose any attempt to raise

new claims not preserved in the protective skeletal petition.

**F. Although the Director does not oppose a stay until state court proceedings are resolved, he makes no concessions regarding the procedural effect of the state habeas application recently filed by Mr. Godinich and does not waive any arguments, procedural bars or defenses, and opposes any attempt to raise new claims not preserved in the protective skeletal petition.**

As the enclosed Certificate of Conference indicates, the Director is not opposed to a stay until Mr. Gallo's state habeas proceedings at issue are resolved by the state courts. This non-opposition is not to be construed as waiver of any arguments, procedural bars or defenses. Therefore the Director takes no position on the argument that tolling should date back to the date of filing of the successive writ.

As to the proposed timetable to return to the Court, in the event that the CCA dismisses the successive application on the merits, as an "abuse of the writ," or dismisses it as improperly filed, the Director would not oppose a 180-day period of time to amend the protective skeletal petition. However, as stated above, the Director does oppose any attempt to raise new claims not preserved in the original protective skeletal petition filed on January 8, 2014. The Director takes no position as to the proposed date of tolling and makes no concessions regarding the procedural effect of the writ recently filed by Mr. Godinich.

## CONCLUSION

Wherefore, Mr. Gallo respectfully requests this Court grant the following relief:

1) Order these proceedings STAYED and held IN ABEYANCE until the state court proceedings are resolved.

2) Petitioner's one-year statute of limitations for seeking federal habeas corpus review under 28 U.S.C. §2244(d)(2) will be deemed to be retroactively TOLLED from the date Mr. Godinich's subsequent state writ was filed, April 22, 2013.

3) If the Texas Court of Criminal Appeals ultimately denies relief on the subsequent writ, Petitioner must notify this Court and file to re-open proceedings in this Court not later than 10 DAYS after that Court delivers its final ruling.

4) Petitioner is allowed 180 days from the date of the CCA's dismissal of the subsequent writ, on the merits, as an "abuse of the writ," or as improperly filed, to amend the protective skeletal petition.

5) Respondent will not answer the protective skeletal petition, as the state court ruling has not yet been handed down. Respondent will be ordered to answer the amended petition within 90 days after it is filed.

Alternatively, the Court is respectfully requested to order a briefing schedule as set forth in Section E.

Dated: January 9, 2014.

Respectfully submitted,

*s/s A. Richard Ellis*

_____
A. Richard Ellis
Texas Bar No. 06560400
75 Magee Avenue
Mill Valley, CA 94941
(415) 389-6771
FAX: (415) 389-0251
ATTORNEY FOR PETITIONER

# CERTIFICATE OF CONFERENCE

Undersigned counsel verifies that on January 3 and January 6, 7 and 9, 2014, he conferred with counsel of record for Respondent, Ms. Tomee Heining, of the Criminal Appeals Division of the Office of the Attorney General of the State of Texas (who is currently handling the case as counsel of record Ms. Leslie Kuykendall has left the Attorney General's Office,) in an attempt to resolve the matter without court intervention. Ms. Heining has stated that the Director is not opposed to a stay or the setting of a briefing schedule allowing Petitioner to amend the protective skeletal petition up to 180 days from the date of the CCA's dismissal of the state writ on the merits, as "an abuse of the writ," or as improperly filed. However, as stated above, the Director does oppose any attempt to raise new claims not preserved in the original protective skeletal petition filed on January 8, 2014. This non-opposition is not to be construed as waiver of any arguments, procedural bars or defenses. Therefore the Director takes no position on the argument that tolling should date back to the date of filing of the successive writ, takes no position as to the proposed date of tolling, and makes no concessions regarding the procedural effect of the writ recently filed by Mr. Godinich.

Dated: January 9, 2014.

                                        */s/ A. Richard Ellis*
                                        _____
                                        A. RICHARD ELLIS
                                        COUNSEL FOR PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this *Petitioner's Unopposed Renewed Motion to Hold Proceedings in Abeyance Due to Ongoing State Court Proceedings or, Alternatively, to Set a Briefing Schedule* was served on counsel of record for Respondent via the Court's automatic electronic service this 9th of January, 2014, to:

Ms. Tomee Heining (for Ms. Leslie Kuykendall)
Assistant Attorney General
Criminal Appeals Division
Office of the Texas Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

/s/ A. Richard Ellis
_____
A. RICHARD ELLIS
Counsel for Petitioner